ACCEPTED
13-15-00494-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/18/2015 10:51:38 AM
Dorian E. Ramirez
CLERK

## No. 13-15-00494-CV

_____

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/18/2015 10:51:38 AM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS FOR THE THIRTEENTH DISTRICT AT CORPUS CHRISTI, TEXAS

_____

## THE STATE OF TEXAS,
Appellant,

## V.

## YS & LS & LS PARTNERSHIP, LTD.
Appellee.

_____

On Appeal from the County Court at Law Number Three
of Nueces County, Texas; Cause No. 2013-CCV-62023-3

_____

## BRIEF OF APPELLANT THE STATE OF TEXAS

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

RANDALL K. HILL
Assistant Attorney General
Chief, Transportation Division

ANTHONY G. BROCATO, JR.
Assistant Attorney General
State Bar No. 03039001
anthony.brocato@texasattorneygeneral.gov
Transportation Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone:  (512) 463-2004
Fax Number:  (512) 472-3855

COUNSEL FOR APPELLANT

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Parties**

| | |
|---|---|
| The State of Texas | Plaintiff/Appellant |
| YS & LS & LS Partnership, Ltd. | Defendant/Appellee |
| Prosperity Bank, Successor in Interest by Merger with First Victoria National Bank | Defendant |

**Counsel**

| | |
|---|---|
| Anthony G. Brocato, Jr.<br>Assistant Attorney General<br>Transportation Division<br>P. O. Box 12548<br>Austin, Texas 78711-2548 | Trial and Appellate Counsel for The State of Texas |
| Forrest J. "Jerry" Dorsey<br>P. O. Box 30084<br>Corpus Christi, Texas 78404 | Counsel for YS & LS & LS Partnership, Ltd. |
| Christopher A. Dorsey<br>606 N. Carancahua St. Ste 1001<br>Corpus Christi, Texas 78476 | |
| James E. Cuellar<br>D. Brent Wells<br>Jeffrey D. Stewart<br>Adam R. Swonke<br>WELLS & CUELLAR, P.C.<br>440 Louisiana, Suite 718<br>Houston Texas 77002 | Counsel for Prosperity Bank, successor-by-merger with First Victoria National Bank |

**TABLE OF CONTENTS**

Page

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE ISSUES PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . viii

Whether YS & LS & LS Partnership, Ltd's claims for damages and other relief in its Counterclaim are barred by the State of Texas's sovereign immunity.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The State's Petition for Condemnation and Defendant's Counterclaim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

YS & LS & LS Partnership, Ltd's claims for damages and other relief in its Counterclaim are barred by the State's sovereign immunity... . . . . . . . . . . . 5

    A.    Standard of review... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Plea to the jurisdiction and sovereign immunity... . . . . . . . . . 5

    C.    YS & LS & LS Partnership, Ltd's claims for damages and other relief under article 1, Section 17 of the Texas Constitution are barred by sovereign immunity... . . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX

       A.     Order of September 24, 2015

# INDEX OF AUTHORITIES

**Cases**                                                                                 **Page**

*Allen v. City of Texas City,* 775 S.W.2d 863 (Tex. App.— Houston
    [1st Dist.] 1989, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Blue Mound v. SW. Water Co.,* 449 S.W.3d 678
    (Tex. App.— Fort Worth 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 10

*City of Houston v. Biggers,* 380 S.W.2d 700 (Tex. Civ. App.— Houston 1964,
    writ ref'd  n.r.e.), *cert. denied,* 380 U.S. 962 (1965). . . . . . . . . . . . . . . . . 8

*City of Midlothian v. Black,*
    271 S.W.2d 791 (Tex. App.—Waco 2008, no pet.). . . . . . . . . . . . . . . . 6, 7

*Dall.Cnty. Mental Health & Retardation v. Bossley,*
    968 S.W.2d 339 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hearts Bluff Game Ranch, Inc. v. State,* 381 S.W.3d 468 (Tex. 2012). . . . . . . . 8, 9

*Hubler v. City of Corpus Christi,* 564 S.W.2d 816
    (Tex. Civ. App.— Corpus Christi 1978, writ ref'd n. r.e.). . . . . . . . . . . . . . 8

*Schriver v. Tex. Dep't of Transp.,* 293 S.W.3d 846
    (Tex. App.— Fort Worth 2009, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*State v. Lueck,* 290 S.W.3d 876 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . 5

*State v. Vaughn,* 319 S.W.2d 349 (Tex. Civ. App.— Austin 1958, no writ). . . . 5, 8

*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004). . . . . . 5, 6

*Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636
    (Tex. 1999) (per curiam). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618
   (Tex. 2011) (per curiam). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Westgate v. State,* 843 SW.2d 448 (Tex. 1992).. . . . . . . . . . . . . . . . . 3, 4, 5, 7, 8, 9

*Wilkinson v. Dallas/Fort Worth Int'l Airport Bd.,*
   54 S.W.3d 1 (Tex. App.— Dallas 2001, pet. denied),
   *cert denied*, 534 U. S. 1128 (2002).. . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Constitutional Provisions, Statutes, and Rules**

Tex. Const. art. 1, § 17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

**STATEMENT OF THE CASE**

*Nature of the Case:*        Defendant YS & LS & LS Partnership, Ltd. filed a Counterclaim against the State of Texas, seeking damages and other relief for alleged lost rental income due to the State's condemnation of a strip of Defendant's property fronting the highway. CR 77– 84.

*Trial Court*:        Honorable Deeanne Galvan, Judge of the County Court at Law Number 3 of Nueces County, Texas

*Trial Court Disposition:*        The trial court denied the State's plea to the jurisdiction. CR 122 (App A).

# STATEMENT OF ISSUE PRESENTED

Whether YS & LS & LS Partnership, Ltd's claims for damages and other relief in its Counterclaim are barred by the State of Texas's sovereign immunity.

IN THE COURT OF APPEALS FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

**THE STATE OF TEXAS,**
Appellant,
**V.**
**YS & LS & LS PARTNERSHIP, LTD.**
Appellee.

On Appeal from the County Court at Law Number Three
of Nueces County, Texas; Cause No. 2013-CCV-62023-3

**BRIEF OF APPELLANT THE STATE OF TEXAS**

TO THE HONORABLE COURT OF APPEALS:

Appellant, the State of Texas, submits this brief requesting that Appellee YS & LS & LS Partnership, Ltd's claims for damages and other relief in its Counterclaim be dismissed for want of jurisdiction.

**STATEMENT OF FACTS**

**A.    The State's Petition for Condemnation and Defendant's Counterclaim**

On October 31, 2013, Appellant State of Texas ("the State") filed its Petition for Condemnation seeking to condemn 0.034 of an acre, or 1,500 square feet, of land owned by Appellee YS & LS & LS Partnership, Ltd. ("YS") that fronts State

Highway 358 (South Padre Island Drive). CR 5–11. The Special Commissioners held a hearing and awarded the defendants, jointly, the sum of $150,000 (SCR).[1] Thereafter, the State timely filed objections to the award. CR 74–76. YS responded by filing its Original Answer, Request for Disclosures, Plea in Abatement, and Counterclaim. CR 77–84.

In its Counterclaim, YS asserted that it owned property that is also described as Parcel 43 in the Exhibit 2 of the Petition for Condemnation. CR 81. YS claimed that the State noticed its intent to take the property on November 9, 2007. Further, YS alleged that its property has a single exit and entry point to and from South Padre Island Drive. CR 81. According to YS, when YS attempted to lease the property to prospective tenants, YS was unable to find a suitable tenant "due to the impending construction and condemnation." YS contends that it was required to disclose this to prospective tenants and that "the State's action caused a direct, immediate, and substantial interference with the use and enjoyment of the property, including a cloud on the title for which [YS] has a right to damages." According to YS, the State acted with a "lack of care and diligence with which its decision has been carried out." YS argued that this action constitutes "an intentional damaging or taking of the property

---

[1]Appellant has requested a Supplemental Clerk's Record (SCR) that contains the Special Commissioners' Award.

in violation of Section 17 of Article 1 of the Constitution of the State of Texas." YS concludes by arguing that "the State had actual knowledge of the taking and that harm would be substantially certain to occur." CR 81. On August 3, 2015, the State scheduled its plea to the jurisdiction for hearing on August 19, 2015 at 1:30 p.m. CR 111–112. On August 18, 2015, the State filed its Supplement to its Plea to the Jurisdiction to Defendant YS & LS LS Partnership, Ltd.'s Counterclaim. In this Supplement, the state argued that YS's claims were barred by sovereign immunity as the claims were not recognized as recoverable under the Texas Supreme Court's case of *Westgate v. State,* 843 SW2d 448, 454 (Tex. 1992). CR 113–115. YS filed its response to the State's plea and supplement on August 19, 2015 at 11:30 a.m. CR 116–121. Counsel for both parties presented their arguments at the hearing on August 19, 2015. No evidence was presented at the hearing. RR 1–15. The State's counsel argued that YS's claims are barred by sovereign immunity and the *Westgate* opinion, while YS's counsel argued that *Westgate* was inapplicable. RR 1–15. Subsequently, on September 24, 2015, the Court denied the State's plea to the jurisdiction and its supplement. CR 122. From the Court's order, the State appeals. CR 123–124.

## SUMMARY OF THE ARGUMENT

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the State has been sued unless the State consents to suit. Sovereign immunity can be waived only by statute or legislative approval. The burden is on the

3

claimant, here YS, to establish subject matter jurisdiction by showing that immunity has been waived. If the pleadings affirmatively negate the existence of jurisdiction, the trial court may grant the plea to the jurisdiction without allowing the opportunity to amend.

In this case, YS has not shown that sovereign immunity has been waived for its counterclaims against the State. The facts alleged by YS do not amount to a claim for a constitutional taking as shown by the Supreme Court's case of *Westgate v. State*, 843 S.W.3d 448 (Tex. 1992). In that case, the Supreme Court held that damages allegedly caused by the State's announcement of a project are not recoverable under Texas Constitution, Article 1, Section 17 when the government has not "physically appropriated, denied access to, or otherwise directly restricted use of the landowner's property." The Supreme Court reasoned that sound public policy supports this result. Further, the Supreme Court referred to four appellate court cases that denied recovery under Section 17 because although the properties suffered diminished market value, there was not actual physical appropriation of the properties.

The *Westgate* case is directly applicable to YS's claim for damages and other relief in its Counterclaim against the State. Like the landowner in *Westgate*, YS claims 1) the State's taking caused an interference with the use and enjoyment of the property; 2) the State's action caused a cloud on the title of the landowner; and 3) the State's actions caused an unreasonable delay in acquisition after the State's

4

announcement of the project. Because YS's claims do not amount to a constitutional taking under *Westgate,* YS' claims for damages and other relief in its Counterclaim are without merit and are barred sovereign immunity. YS's claims for damages and other relief in its Counterclaim against the State should be dismissed for lack of subject matter jurisdiction.

## ARGUMENT

**YS & LS & LS Partnership, Ltd's claims for damages and other relief in its Counterclaim are barred by the State's sovereign immunity.**

### A.     Standard of review.

This Court reviews an order denying a plea to the jurisdiction *de novo.  Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004).

### B.     Plea to the jurisdiction and sovereign immunity.

"In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit."  *Miranda,* 133 S.W.3d at 224.  Sovereign immunity from suit defeats a trial court's jurisdiction and is properly raised in a plea to the jurisdiction.  *State v. Lueck,* 290 S.W.3d 876, 880 (Tex. 2009); *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–39 (Tex. 1999) (per curiam).  Sovereign immunity can be waived only by statute or legislative approval. *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 620 (Tex. 2011) (per curiam).

5

The burden is on the claimant to establish subject matter jurisdiction by showing that immunity from suit has been waived. *Jones,* 8 S.W.3d at 638. This involves a two-step inquiry. First, there must exist a cause of action for which immunity has been waived. Second, the claimant must state a claim within that cause of action. The courts review the pleadings and any evidence submitted to determine whether the "real substance" of the claim falls within that cause of action. *See, Dall. Cnty. Mental Health & Retardation v. Bossley,* 968 S.W.2d 339, 343–45 (Tex. 1998). The plea in this case is based solely on the pleadings. "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the opportunity to amend." *Miranda,* 133 S.W.3d at 227.

Except when the government files a statutory condemnation action, if a governmental entity takes property without paying adequate compensation, a property owner generally can file an inverse condemnation claim. *City of Midlothian v. Black,* 271 S.W.2d 791, 799 (Tex. App.—Waco 2008, no pet.). For an inverse condemnation claim, a landowner has the burden of pleading the following elements: "(1) the governmental entity intentionally performed an act in the exercise of its lawful authority; (2) that resulted in the taking, damaging, or destruction of the party's property; (3) for public use." *Id.* However, "if the plaintiff's petition does not properly plead the elements of an inverse condemnation claim, the immunity applies and the inverse condemnation claim must be dismissed for lack of subject matter

6

jurisdiction." *Id.* Whether the facts alleged constitute a "taking" is a question of law. *Id.*

**C.     YS & LS & LS Partnership, Ltd's claims for damages and other relief under article 1, Section 17 of the Texas Constitution are barred by sovereign immunity.**

"Tex. Const. art 1, § 17 provides that '[n]o person's property shall be taken, damaged or destroyed for or applied to public use without just compensation being made . . .'" *Westgate v. State,* 843 S.W.2d 448, 452 (Tex. 1992). In *Westgate,* the Supreme Court addressed a counterclaim for inverse condemnation under the Texas Constitution for damages incurred when the city and the State announced plans to condemn the defendant's property and allegedly the property suffered a decline in marketability, and the defendant argued that the government unreasonably delayed the actual acquisition. *Id.* The Supreme Court held that "the damages were not taken or damaged within the meaning of Tex. Const. art 1, § 17 . . ." *Id. at* 456.

The Supreme Court held that damages are not recoverable when the government has not "physically appropriated, denied access to, or otherwise directly restricted use of the landowner's property." *Id. at* 450. The Supreme Court reasoned that sound public policy supported this result. The Supreme Court stated,

> Construction of public works projects would be severely impeded if the government could incur inverse-condemnation liability merely by announcing plans to condemn property in the future. Such a rule would encourage the government to maintain the secrecy of proposed projects as long as possible, hindering public debate and increasing waste and

7

inefficiency . . .

*Id. at* 453. The Supreme Court referred to four appellate opinions to support its conclusion.

In *City of Houston v. Biggers,* 380 S.W.2d 700 (Tex. Civ. App.—Houston 1964, writ ref'd  n.r.e.), *cert. denied,* 380 U.S. 962 (1965), the appellate court held that passage of an ordinance authorizing construction of a civic center on the landowner's property did not constitute a taking under the Texas Constitution where the government did not impose a current, direct restriction on the property's use. Similarly, in *State v. Vaughn,* 319 S.W.2d 349 (Tex. Civ. App.—Austin 1958, no writ), the appellate court held that the fact that tenants were vacating the landowner's building out of fear of the future condemnation did not amount to a constitutional taking.  The courts of appeals in two additional cases held that construction of a rainwater levee in the first, and a proposed new drainage system in the second, did not give rise to a constitutional taking claim because although the properties suffered diminished market value, there was not actual physical appropriation of the properties. *See Allen v. City of Texas City,* 775 S.W.2d 863, 885 (Tex. App.—Houston [1st Dist.] 1989, writ. denied); *Hubler v. City of Corpus Christi,* 564 S.W.2d 816 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n. r.e.).

The Texas Supreme Court has recently approved its holding in *Westgate.*  In *Hearts Bluff Game Ranch, Inc. v. State,* 381 S.W.3d 468, 480 (Tex. 2012), *quoting,*

*Westgate*, 843 S.W.3d at 453, the Court stated, referring to *Westgate,* "We held that 'publicly targeting a property for condemnation' in the future does not give rise to an inverse condemnation." The Court stated, "although the announcement resulted in economic harm to the plaintiff, we confirmed that the 'impact of the future project on the present market value of the land was a noncompensable consequential damage." *Id.* Further, the Court stated, "We concluded that, in order for an inverse condemnation claim to be valid, there must be a 'current, direct restriction' on the use of the land, referring to a physical act or legal restriction on the property's use, 'such as a blocking of access or denial of a permit for development.'" *Id. at* 481, *quoting, Westgate,* 843 S.W.3d at 452.

The *Westgate* case is directly applicable to YS's claim for damages and other relief in its Counterclaim against the State. Like the property owner in *Westgate,* YS's principle complaint is that it lost income due to the State's announcement of damages. Further, like the landowner in *Westgate,* YS claims 1) the State's action caused an interference with the use and enjoyment of the property; 2) the State's action caused a cloud on the title of the landowner; and 3) the State's actions caused an unreasonable delay in acquisition after the State's announcement of the project. CR 81. Because YS's claims do not amount to a constitutional taking under *Westgate,* YS's claims for damages and other relief in its Counterclaim are without merit and are thus barred by sovereign immunity. *See also Schriver v. Tex. Dep't of Transp.,*

9

293 S.W.3d 846 (Tex. App.—Fort Worth 2009, no pet.) (holding that TxDOT's mere negotiations for the purchase of property do not entitle the landowner the right to recover damages); *Wilkinson v. Dallas/Fort Worth Int'l Airport Bd.,* 54 S.W.3d 1, 13 (Tex. App.—Dallas 2001, pet denied), *cert denied*, 534 U. S. 1128 (2002). ("Proving merely that government action has caused a diminution in value or damaged the marketability of property is insufficient."); *City of Blue Mound v. SW Water Co.,* 449 S.W.3d 678 (Tex. App.—Fort Worth 2014, no pet.) ("Damage, if any, to the going concern of a business on condemned property is generally not compensable."). Therefore, YS's claims for damages and other relief in its Counterclaim against the State should be dismissed for lack of subject matter jurisdiction.

**PRAYER**

Appellant, the State of Texas respectfully prays that this Honorable Court of Appeals grant the following relief:

1)  reverse the trial court's order of September 24, 2015;

2)  dismiss all of Appellee YS & LS & LS Partnership, Ltd's claims in its Counterclaim against Appellant State of Texas for want of jurisdiction;

3)  render judgment that Appellee YS & LS & LS Partnership, Ltd take nothing by its Counterclaim against Appellant State of Texas; and

4)  order that Appellee YS & LS & LS Partnership, Ltd pay all costs incurred by Appellant State of Texas.

10

Respectfully submitted,

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

CHARLES E. ROY
FIRST ASSISTANT ATTORNEY
GENERAL

JAMES E. DAVIS
DEPUTY ATTORNEY GENERAL FOR
CIVIL LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION DIVISION

/s/ Anthony G. Brocato, Jr.
ANTHONY G. BROCATO, JR.
Assistant Attorney General
State Bar No. 03039001
anthony.brocato@texasattorneygeneral.gov
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548

(512) 463-2004
(512) 472-3855 - Facsimile

COUNSEL FOR APPELLANT
THE STATE OF TEXAS

11

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,298 words as determined by the word count of the computer program used to prepare this document, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of November, 2015, a true and correct copy of the foregoing *Brief of Appellants The State of Texas* has been sent via electronic filing and e-mail to the following:

Mr. Forrest J. "Jerry" Dorsey
P. O. Box 30084
Corpus Christi, Texas 78404

Mr. Christopher A. Dorsey
606 N. Carancahua St. Ste 1001
Corpus Christi, Texas 78476
 *Attorneys for Defendant,*
 *YS & LS & LS Partnership, Ltd.*

Mr. James E. Cuellar
Mr. D. Brent Wells
Mr. Jeffrey D. Stewart
Mr. Adam R. Swonke
WELLS & CUELLAR, P.C.
440 Louisiana, Suite 718
Houston Texas 77002
 *Attorneys for Defendant,*
 *Prosperity Bank, successor-by-merger with*
 *First Victoria National Bank*

/s/ Anthony G. Brocato, Jr.
ANTHONY G. BROCATO, JR.
Assistant Attorney General

CAUSE NUMBER 2013-CCV-62023-3

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | CONDEMNATION PROCEEDING FILED |
| | * | |
| v. | * | IN THE COUNTY COURT AT LAW |
| | * | NUMBER THREE |
| | * | |
| YS & LS& & LS PARTNERSHIP, | * | |
| LTD., ET AL. | * | OF NUECES COUNTY, TEXAS |

ORDER DENYING PLAINTIFFS' PLEA TO THE JURISDICTION
TO PLAINTIFFS' YS & LS & LS PARTNERSHIP, LTD.'S
COUNTERCLAIM, AND SUPPLEMENT

On August 19, 2015, a Hearing was held pursuant to Plaintiffs' Plea to the Jurisdiction in this Cause as supplemental.

YS & LS & LS PARTNERSHIP, LTD., ET AL. appeared in person and through Attorneys of Record, Christopher Dorsey and Jerry Dorsey, and announced ready.

The Office of the Attorney General appeared in person and through its Attorney of Record, Anthony G. Brocato, and announced ready.

The Court, having reviewed the pleadings and considered all evidence and information required by law, finds that PLAINTIFFS' PLEA TO THE JURISDICTION TO PLAINTIFFS' YS & LS & LS PARTNERSHIP, LTD.'S COUNTERCLAIM, AND SUPPLEMENT is hereby "DENIED".

SIGNED AND ENTERED this 24 day of September, 2015.

_____
JUDGE PRESIDING

122